UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMRA OF NORTH AMERICA, INC.,

                        Plaintiff,

          v.                        1:18-CV-1266 (LEK/DJS)

COUNT & CRUSH, LLC d/b/a/ CLYNK,
and COUNT & CRUSH (NY), LLC,

                        Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

WILSON, ELSER, MOSKOWITZ,         PETER A. LAURICELLA, ESQ.
EDELMAN & DICKER LLP               NICOLE HAIMSON, ESQ.
Attorneys for Plaintiff                    ANDREW S. HOLLAND, ESQ.
200 Great Oaks Boulevard, Suite 228    CHRISTOPHER PRIORE, ESQ.
Albany, New York 12203                 OLIVIA ORLANDO, ESQ.

NIXON PEABODY LLP                  ANDREW C. ROSE, ESQ.
Attorneys for Defendants
677 Broadway, 10th Floor
Albany, New York 12207

MARCUS, CLEGG, BALS &               GEORGE J. MARCUS, ESQ.
ROSENTHAL, P.A.                         DANIEL L. ROSENTHAL, ESQ.
Attorneys for Defendants
16 Middle Street, Ste Unit 501
Portland, Maine 04104

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

    Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), district courts have a "gatekeeping responsibility" to preclude, when necessary, irrelevant and unreliable

expert testimony. *United States v. Brown*, 152 F. App'x 59, 62 (2d Cir. 2005); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). Plaintiff seeks to preclude Ross Andersen, an expert proffered by Defendants, from testifying at trial. Dkt. No. 117. In Plaintiff's view, Andersen's "expected testimony is likely to be irrelevant to the underlying claims, and to intrude upon the province of the Court." Dkt. No. 117-9 at p. 2. Defendants oppose the Motion. Dkt. No. 123.

The Court sees no need to resolve this issue before trial. This matter is scheduled to be tried before the Court, not a jury. "[W]here a bench trial is in prospect, resolving *Daubert* questions at a pretrial stage is generally less efficient than simply hearing the evidence." *Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC*, 2009 WL 959775, at *6 n.3 (S.D.N.Y. Apr. 8, 2009). "In the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the court has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457 n.1 (S.D.N.Y. 2007). "[I]n a bench trial, a party's attempt to exclude an expert's testimony under *Daubert* is tantamount to asking the Court to gate-keep expert testimony from itself." *Van Natta v. Great Lakes Reinsurance (UK) SE*, 2021 WL 2454445, at *3 (D. Conn. June 16, 2021). At this stage of the proceedings, this is not warranted.

Plaintiff's Reply objects that Defendants have misunderstood the basis for seeking preclusion and seeks to clarify by stating that Andersen should not be permitted to testify because he "intends to offer testimony that is *inadmissible* as a matter of law." Dkt. No.

130 at p. 1 (emphasis in original).  That argument only highlights that this Motion is premature.  The relevance and admissibility of Andersen's purported testimony is "as with most evidentiary questions . . . better left for determination at the time of trial." *Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 620, 631 n.21 (S.D.N.Y. 1962).

The Motion to Preclude is denied.  Plaintiff may renew its objections to Andersen's testimony if and when he is called as a witness.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion to Preclude Expert Testimony (Dkt. No. 117) is **DENIED**; and is further

**ORDERED**, the Clerk serve a copy of this Order upon the parties.

Dated: September 18, 2023
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge